CLD-282                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2548
_____

PHILIP ANTHONY BONADONNA,
                                                                Appellant,

v.

UNITED STATES OF AMERICA; DONNA ZICKEFOOSE,
WARDEN AT FORT DIX FEDERAL PRISON
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 1-11-cv-01763)
District Judge: Honorable Jerome B. Simandle
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 8, 2011

Before:  RENDELL, FUENTES and SMITH, Circuit Judges

(Opinion filed: September 28, 2011)
_____

OPINION
_____

PER CURIAM

        Appellant Philip Bonadonna, a federal prisoner, filed a petition for writ of habeas

corpus, 28 U.S.C. § 2241, in the United States District Court for the District of New

Jersey, in which he stated that he is 78 years old. On or about March 15, 2011, prisoners were advised that one Dr. Lopez would be re-evaluating all prisoners at FCI-Fort Dix who currently have a soft shoe "pass." On March 18, 2011, Dr. Lopez examined Bonadonna and determined that he did not need soft shoes, despite having worn them for the past 27 years. She determined that Bonadonna should be issued regular boots. In his habeas corpus petition, Bonadonna asked the District Court to allow him to keep his soft shoes, which he regards as a medical necessity. Bonadonna did not file an in forma pauperis application, see 28 U.S.C. § 1915.

In an order entered on May 31, 2011, the District Court dismissed the habeas corpus petition without prejudice for lack of jurisdiction, granting Bonadonna leave to pursue his claim in a civil rights action under 42 U.S.C. § 1983. The court explained that Bonadonna's challenge to the revocation of his soft shoes pass was a challenge to the conditions of his confinement that must be brought by way of a civil rights action, or action for declaratory and injunctive relief, if at all. Because Bonadonna had not paid the filing fee, and because of the consequences that flow from a grant of leave to proceed in forma pauperis or from the dismissal of a civil rights action, see 28 U.S.C. § 1915(g), the court declined to construe the petition as a civil rights complaint. Bonadonna was given 30 days to indicate whether he wanted to proceed with his claims in a newly-opened civil action by submitting an amended complaint and either paying the filing fee or completing an in forma pauperis application.

Bonadonna timely moved for reconsideration, but the District Court denied the motion in an order entered on August 18, 2011, concluding that its original decision was

2

correct: whether or not Bonadonna is permitted to wear special footwear is an issue relating to his conditions of confinement, and not to the fact or duration of his confinement.

Bonadonna appeals. We have jurisdiction under 28 U.S.C. § 1291.[1] Our Clerk granted Bonadonna leave to appeal in forma pauperis and advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing, and he has done so. We have considered his written submission.

We will dismiss the appeal as frivolous. An appellant may prosecute his appeal without prepayment of the fees, 28 U.S.C. § 1915(a)(1), but the in forma pauperis statute provides that the Court shall dismiss the appeal at any time if the Court determines that it is frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is frivolous when it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The District Court correctly decided the issues raised by Bonadonna's habeas corpus petition.

Federal habeas corpus relief is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). Bonadonna's allegation of deficient medical care does not "spell speedier release," and thus does not lie at the "'the core of habeas corpus.'"

---

[1] We conclude that this case is distinguishable from Borelli v. City of Reading, 532 F.2d 950 (3d Cir. 1976) (per curiam). Although the District Court's dismissal was without prejudice, Bonadonna can do nothing to cure his petition, making the order final and appealable, cf. Presbytery of N.J. of Orthodox Presbyterian Church v. Florio, 40 F.3d 1454, 1461 n.6. (3d Cir. 1994) (where District Court dismisses case based on justiciability, plaintiffs can do nothing to cure their complaint).

3

Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)). See also Leamer, 288 F.3d at 542-44. In seeking restoration of his soft shoes pass, he does not seek a speedier release, only different medical care, and he thus must proceed through a civil rights action after exhausting his administrative remedies, and either paying the civil action filing fee or completing an in forma pauperis application.

For the foregoing reasons, we will dismiss the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).